NUMBER 13-08-00723-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


FRANK GARCIA, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 




On appeal from the 28th District Court of 


Nueces County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Garza

Memorandum Opinion by Justice Yañez

 On December 2, 2008, appellant, Frank Garcia, entered an open plea of nolo
contendere to the offense of robbery. (1) The trial court found appellant guilty and sentenced
him to five years' confinement. The trial court certified appellant's right to appeal, and this
appeal followed. We affirm.

I. Anders Brief

 Pursuant to Anders v. California, (2) appellant's court-appointed appellate counsel has
filed a brief with this Court stating that, after examining the record, he has found the appeal
to be "wholly frivolous." In his brief, counsel addresses four possible points of error: (1)
whether appellant's plea was voluntary; (2) whether the trial court properly admonished
appellant; (3) whether the evidence is sufficient to support appellant's plea; and (4) whether
appellant was lawfully sentenced; however, he concludes that each of these possible
points of error lack merit. Counsel's brief meets the requirements of Anders as it presents
a professional evaluation showing why there are no non-frivolous grounds for advancing
on appeal. (3)

 In compliance with High v. State, (4) appellant's counsel has carefully discussed why,
under controlling authority, there are no errors in the trial court's judgment. Counsel has
certified to this Court that he has forwarded a copy of the brief and his request to withdraw
as counsel to appellant. Counsel has informed this Court that he has: (1) examined the
record and found no arguable grounds to advance on appeal, and (2) informed appellant
period of time has passed, and appellant has not filed a pro se response. (5)


II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. (6) We have reviewed the
entire record and counsel's brief and have found nothing that would arguably support an
appeal. (7) Accordingly, we affirm the judgment of the trial court.

III. Motion to Withdraw

 In accordance with Anders, appellant's attorney has asked this Court for permission
to withdraw as counsel for appellant. (8) We grant counsel's motion to withdraw. 

 Within five days of the date of this Court's opinion, counsel is ordered to send a
copy of the opinion and judgment to appellant and to advise appellant of his right to file a
petition for discretionary review. (9)


Do not publish.

Tex. R. App. P. 47.2(b).

Delivered and filed the

19th day of August, 2010.
1. See Tex. Penal Code Ann. § 29.02 (Vernon 2003).
2. 386 U.S. 738, 744 (1967).
3. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an Anders brief
need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record
references to the facts and procedural history and set out pertinent legal authorities.") (citing Hawkins v. State,
112 S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510
n.3 (Tex. Crim. App. 1991).
4. High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).
5. See In re Schulman, 252 S.W.3d at 409.
6. Penson v. Ohio, 488 U.S. 75, 80 (1988).
7. See Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders
briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record
for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate
Procedure 47.1."); Stafford, 813 S.W.2d at 509. 
8. See Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v.
State, 903 S.W.2d 776, 779-80 (Tex. App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the
appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the
appeal is frivolous") (citations omitted)).
9. See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206
S.W.3d 670, 673 (Tex. Crim. App. 2006). No substitute counsel will be appointed. Should appellant wish to
seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to
file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for
discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion
for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition for discretionary review
must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. See Tex.
R. App. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4
of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 68.4.